Chancellor Gaillard:
The decree of the Circuit Court is appealed from on different grounds :
1st. That the court assumed a jurisdiction not warranted by the laws of the land, in taking cognizance of the above case, because there was plain and adequate remedy for the complainants at law.
*102 2d. That the court assumed a jurisdiction not warranted by the previous usage of the same court in trying the validity pf a title of -a freehold between adverse claimants.
3d. That the court proceeded'to decree upon the face of the bill, when .not an argument of counsel was made on ■either side beyond the legal grounds contained in the demurrer, and without hearing testimony on either side, and ■assuming the allegations' contained in the bill as true., which were expressly negatived in the answer.
4th. The courts violated the constitution by taking jurisdiction of a case properly cognizable by a jury, and where a jury is guaranteed by the constitution.
5th. That the court misapprehended its duty and powers, when it endeavoured by an over-reached authority, to counteract the legal determinations of the court of law.
6th. That the court was without the pale of its authority in looking to the event of a decision not made by thp ■Court of Law, nor made until eleven months and more ■after hearing of the above case.
7th. Because the decision is, in every part, against law, usage, facts and prerogatives, and in direct violation of the constitution.,
I concur in the opinion expressed as to the intention of the testator. On this point I shall add nothing, except to observe -that the court will go every length possible to carry the intention of a testator into execution for the benefit of those to whom the testator designed a benefit, (2 Femme, p. 177.,! A bequest is made to A. and if A. dies without issue, then to B. ; the limitation over is void.— But if to A. and A. dies without leaving issue, it is good, .although in both cases the intention is probably the same. I should construe the bequest differently, considering myself bound by the technical construction of the words dying without issue. But as Lord Thurlow observes, to call dying without leaving issue, the natural sense of dying without issue, is against all the cases ;■ the word leaving, restricts the dying without issue indefinitely, to dying without issue living at the death of the testator, and *103 brings the limitation within the period during which it is' permitted to suspend the power of alienation. The son of Thomas Wilson, (the grandson of the testator,) taking» fee by implication, it follows that his father, by exchanging the Black River for the Boggy G wamp plantation, parted with a greater interest than he was entitled to.— Now it is not allowed to a tenant for life to take advantage pf his possession, to injure the estate of the remainder man. An. Equity grows out of the relation in which he is placed. He who purchases from a trustee, with a knowledge of the trust, takes subject to it. The defendant Green ran the risk of a bad title, and guarded against it. He does not deny in his answer that ic he used such caution in obtaining a security for his title, that a prudent man would use/’ The bill is brought to set aside the agreement between Thomas Wilson, the grandson, and the-defendant Green, to compel him to re-convey the Black River plantation, to account for the profits of it, and also to deliver up the muniments and titles of the estate. To. set aside an agreement, and compel a re-conveyance is a matter within the ordinary exercise of the jurisdiction of this court, nor can it be denied that the court has jurisdiction on equitable ground to-order instruments to be delivered up ; and Lord Eldon in Ware & Harewood, (14 Vesey, p. 32,) says, “ if those grounds involve the consideration of legal points arising incidentally in the exercise of that equitable jurisdiction, and in general, where the court has the equitable jurisdiction, it has a clear-right to decide for itself the questions arising incidentally with a view to determine the principal question, so much so that this court, in 'such cases, is not even bound to act upon the answer given to it by a court of law.” Without the equitable grounds which give this court jurisdiction, so far from the remedy being complete and adequate at law, the complainant would have been obliged in order to make out his case, to resort to this court to procure the papers improperly in the hands of the defendant, and sought by the bill. In reference to another of the grounds *104 of appeal, it iá to be observed, that the first consfriictiori whi.ch the will of Wilson received, was given by this court. If the court of law had given their construction first, I should have adopted it on account of the great importance of preserving an uniformity of decisions. Thié court has no control nor supremacy over the court of law. The mode of calculating interest in the two dourts is, in some cases, different; the courts of law, allowing what this court considers as compound interest; but it does not counteract the legal determinations of that court, nor interfere with their executions issued in conformity to their own decisions. Evils, it is admitted, result from the occasional differences of opinion of the two courts, but it is believed they spring from a defect in the organization of our judiciary system, and not from its administration.— The answer of the defendant was read in the Circuit Court, and the defendant had the benefit of it. The decree is founded altogether on the construction of the will, and on allegations in the bill which the answer admits. I concur therefore in the opinion of my brethren, as well as to the jurisdiction of the court as to the intentiofi of the testator, ■ and that the decree of the Circuit Court should be affirmed,
November 5, 1822.
Decree of the Appeal Court entered in this case, Columbia, May, 1822.
It Is ordered and adjudged that the decree of the Circuit Court be affirmed;
(Signed) Henry W. De Saussure,
Theodore Gaidlard,
Tho. Waties,
Wm. D. James.